Filed 4/11/25  In re B.O. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re B.O. et al., Persons Coming Under the Juvenile Court Law. | C101821 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2023-0000184) |
| Plaintiff and Respondent, | |
| v. | |
| R.O., | |
| Defendant and Appellant. | |

Appellant, father of minors B.O., C.O., and Bl.O., appeals from the order of the juvenile court entered at the 12-month review hearing.  (Welf. & Inst. Code, §§ 366.21, subd. (e), 395; statutory section references that follow are to the Welfare and Institutions Code.)  His sole contention on appeal is that the orders must be reversed for failure to adequately comply with the inquiry requirements of the Indian Child Welfare Act (25 U.S.C. § 1900, et seq.) (ICWA).  Because the juvenile court had not yet made an ICWA finding at the time of this appeal, and the ICWA inquiry is still ongoing in that court, we will dismiss the ICWA claim on appeal as premature and affirm the orders of the juvenile court from which this appeal was taken.

1

We dispense with a detailed recitation of the underlying facts and procedure as unnecessary to our resolution of the limited issue on appeal. It is sufficient to say that in May 2023, the San Joaquin County Human Services Agency (the Agency) filed a section 300 dependency petition on behalf of the minors and their half siblings, who were with a maternal aunt. The juvenile court assumed jurisdiction of the minors, adjudicated them dependent children of the court, ordered them removed from parental custody, and provided reunification services for the parents.

At the outset of the dependency proceedings, mother denied known Indian ancestry and signed a Parental Notification of Indian Status form (ICWA-020 form) confirming her denial of Indian ancestry. Father filed an ICWA-020 form on July 25, 2023, that he signed but otherwise left blank. The Agency later reported that father's form also denied known Indian ancestry. Although the minors' maternal grandparents are deceased, both parents identified several living relatives. The maternal aunt with whom the minors were placed completed an ICWA-020 form denying Indian ancestry. In May 2024, the Agency conducted a search for additional maternal relatives and sent ICWA inquiry correspondence to those family members. No responses had been received by the August review hearing. The Agency concedes there is no record indicating it sent similar correspondence or otherwise contacted paternal relatives to inquire about possible Indian ancestry. The Agency did not request, nor did the juvenile court enter, findings regarding the adequacy of the Agency's inquiry or the applicability of the ICWA.

Father argues we must conditionally reverse the orders entered at the 12-month review hearing because the Agency's inquiry into the minors' possible Indian ancestry was not sufficiently complete. The Agency concedes that ICWA inquiry was not complete at the time of the hearing. It was awaiting responses to notices it had sent to maternal relatives and had not inquired of known paternal relatives about the minors' possible Indian ancestry.

2

As we shall explain, the juvenile court had yet to make an ICWA finding at the time of this appeal and the ICWA inquiry is ongoing in that court. Accordingly, we will dismiss the ICWA claim as premature.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act [Cal-ICWA], courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*), quoting § 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).)

On appeal, we review the ICWA findings and orders for substantial evidence. (See *In re D.S.* (2020) 46 Cal.App.5th 1041, 1051.) Here, because the juvenile court did not make a finding on the subject, we have no ICWA findings and orders to review and any remarks we would make on the adequacy of the ICWA compliance would be advisory. (See *People v. Buza* (2018) 4 Cal.5th 658, 693 ["We . . . abide by . . . a ' "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" ' "].) In other words, any ICWA inquiry and notice compliance issues are not yet ripe for review and father's claim of ICWA error is premature.

" 'Ripeness' refers to the requirements of a current controversy." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is "sufficiently concrete to allow judicial resolution even in the absence of a

precise factual context." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170; see *id*. at pp. 170-172.) As this court explained in *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, if the juvenile court did not yet make a final ICWA ruling at or before the challenged hearing as to whether ICWA applies to the proceeding, a parent's challenge is premature. (*Id.* at p. 461.)

Relying on the California Supreme Court's recent decision in *Dezi C*., *supra*, 16 Cal.5th 1112, father insists that any insufficiency in ICWA compliance requires us to conditionally reverse the appealed order. Father, however, fails to appreciate that the procedural posture of his appeal differs significantly from the appeal taken from termination of parental rights in *Dezi C.*

Compliance with the ICWA is required before terminating parental rights. (*In re K.M.* (2015) 242 Cal.App.4th 450, 458; *In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1424.) Although a juvenile court is not "required to make an *express* finding that ICWA [does] not apply," "the record must reflect that the court considered the issue" and has at least *implicitly* so found. (*In re Asia L.* (2003) 107 Cal.App.4th 498, 506, italics added; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1413.) Thus, conditional reversal of an order terminating parental rights is necessary when the juvenile court has made no finding whether the ICWA applied prior to terminating parental rights or where it has made an erroneous finding as to compliance with and application of the ICWA. (See *Dezi C.*, *supra*, 16 Cal.5th at pp. 1127, 1134, 1136-1139.)

Here, the minors' dependency case is still ongoing, as is ICWA compliance. Reversal of the review hearing orders is unnecessary to secure ICWA compliance. (See *In re S.H.* (2022) 82 Cal.App.5th 166, 177; see also *In re Dominick D.* (2022) 82 Cal.App.5th 560, 567.) The complained of, and any other, perceived deficiencies with ICWA inquiry and noticing may still be brought to the juvenile court's attention and may be resolved during the normal course of the ongoing dependency proceedings. (See *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was premature where no final ICWA

4

ruling was made at dispositional hearing].)  Indeed, we expect all involved parties and entities will cooperate to ensure that the ICWA proceedings and their documentation are thorough and thus the juvenile court's exercise of its discretion is fully informed.  (See *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966) [describing this court's expectations of counsel, the juvenile court, and the Agency on remand for ICWA compliance].)  If at any time, a parties' counsel becomes aware that the juvenile court has failed to make necessary findings or orders, or that the agency has failed to make adequate inquiry under the ICWA, counsel has an obligation to *promptly* bring such matters to the attention of the juvenile court.  (*Ibid*.; see also *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330 [as officers of the court, counsel is obliged to aid court in avoiding error and determining cause in accordance with justice and established rules of practice].)

## DISPOSITION

The sole claim presented on appeal, alleging error under the ICWA, is dismissed as premature.  The orders of the juvenile court from which this appeal was taken are affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

DUARTE, J.

5